**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Martin Edward Hussak,<br><br>          Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>          Respondents. | No. CV-15-0716-PHX-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

Petitioner Martin Edward Hussak has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)

**I.   SUMMARY OF CONCLUSION**

Petitioner raises three grounds for relief in his timely Petition.  Petitioner's claims are meritless.  Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.   BACKGROUND**

   **a.   Facts of the Crimes**

On August 20, 2010, officers responded a "shots fired" call.  (Doc. 20-3 at 61.) Petitioner's counsel told the court during sentencing proceedings that Petitioner confronted the victims when they came to his residence to repossess a car. (Doc. 20-3 at

35.) Due a "lack of impulse control," counsel told the court that Petitioner grabbed a gun . . . "and fire[d] it into the air." (*Id*.)  On November 18, 2011, Petitioner pleaded guilty to one count of aggravated assault. (Doc. 20-1 at 4, 5, 8, 12.)  During his change of plea, Petitioner agreed to his attorney's summary of his conduct: "In or near Casa Grande and that's in Pinal County and it was on August 20, 2011, my client made a mistake, Judge, and that was shooting a gun in a manner that was threatening, placed an individual in eminent fear of serious harm by holding – firing that gun, and that he did that knowingly and voluntarily." (Doc. 20-1, Ex. D, at 19.)[1]

### b. Sentencing of Petitioner

On July 3, 2012, after an aggravation/mitigation hearing, Petitioner was sentenced to a presumptive term of 3.5 years of imprisonment.  (Doc. 20-1 at 30-49.)  Petitioner did not file a direct appeal.  (Doc. 20-2 at 2.)

### c. Petitioner's First Post-Conviction Relief Proceeding

On September 27, 2012, Petitioner filed a notice of post-conviction relief (PCR) pursuant to Rule 32.  (Doc. 20-2 at 2.)  On October 30, 2012, Petitioner filed a *pro se* PCR motion alleging that his plea was involuntary and that he received ineffective assistance of trial counsel.  (Doc. 20-2 at 4.)  On April 29, 2013, the trial court denied Petitioner's petition for PCR on the merits.  (Doc. 20-2 at 37.)

On August 9, 2013, Petitioner filed for review with the Arizona Court of Appeals. On January 14, 2014, the court granted review but denied relief.  (Doc. 20-3 at 27, 70.)  Petitioner did not seek review of the Arizona Court of Appeals' decision.  (Doc. 20-3 at 76.)

### d. Petitioner's Second Post-Conviction Relief Proceeding

On June 5, 2014, Petitioner filed a second Notice of PCR, which was dismissed as untimely.  (Doc. 20-4 at 2, 25.)

Petitioner sought review with the Arizona Court of Appeals, which granted review but denied relief.  (Doc. 20-4 at 28.)

---

[1] A summary of the offense is also contained in the Presentence Report. (Doc. 5-1 at 74.)

### e. Petitioner's Third Motion for PCR

The Arizona Court of Appeals recognized that Petitioner's June 5, 2014, Notice of PCR was part of his third PCR proceeding. (*Id.*) On September 8, 2014, the Court of Appeals denied relief. (Doc. 20-4 at 30.)

### f. Petitioner's Federal Habeas Petition

On April 15, 2015, Petitioner filed this habeas petition. (Doc. 1.) Petitioner filed briefs in support of the Petition (Docs. 4 and 8) and an Appendix in Support of the Petition (Doc. 5). On September 1, 2015, Respondents filed an Answer to the Petition. (Doc. 20.) Petitioner did not file a reply. Petitioner raises three grounds for relief:

1. Trial counsel was ineffective because counsel failed to raise issues during plea negotiations, failed to object to inaccurate information in the plea agreement, and failed to object to inaccurate information in the PSR report.

2. PCR counsel was ineffective because PCR counsel failed to raise Petitioner's claims described in Ground One;

3. Denial of his 4th, 5th, 6th and 14th Amendment rights where the trial court violated his rights for the reasons contained in Ground One, and the trial court improperly dismissed his Rule 32 proceedings.

(Doc. 1 at 6-8.)

## III. THE PETITION

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. The Petition is timely.

### a. Procedural Default

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The Court may review the merits of an argument in the interest of judicial economy. *See Lambrix v. Singletary*, 520 U.S. 518, 524–25 (1997) (explaining that the court may bypass the procedural default issue in the interest of judicial economy when the merits are clear but the procedural default issues are not).[2]

### b. Merits Review

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision which was contrary to clearly established federal law, or the state court decision was an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d); *Davis v. Ayala*, 135 S.Ct. 2187, 2198-99 (2015); *Musladin v. Lamarque*, 555

---

[2] Here, Petitioner filed numerous motions for post-conviction relief, filed two briefs and an appendix, alleges ineffective assistance of counsel, and argues *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012), excuses any procedural default (Doc. 8 at 34). Petitioner's arguments are not a model of clarity. The Court elects to review Petitioner's claims on their merits in interest of judicial economy.

- 4 -

F.3d 834, 838 (9th Cir. 2009). The AEDPA requires that the habeas court review the "last reasoned decision" from the state court, "which means that when the final state court decision contains no reasoning, we may look to the last decision from the state court that provides a reasoned explanation of the issue." *Murray v. Schriro*, 746 F.3d 418, 441 (9th Cir. 2014) (quoting *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000)).

> Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. Rather, as a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.

*White v. Woodall*, 134 S.Ct. 1697, 1702 (2014) (internal citations and quotations omitted). *See also Arrendondo v. Neven*, 763 F.3d 1122, 1133-34 (9th Cir. 2014).

> Recognizing the duty and ability of our state-court colleagues to adjudicate claims of constitutional wrong, AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires "a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fair minded disagreement." *Harrington v. Richter*, [] 131 S.Ct. 770, 786–787, [] (2011). "If this standard is difficult to meet"—and it is—"that is because it was meant to be." [] 131 S.Ct., at 786. We will not lightly conclude that a State's criminal justice system has experienced the "extreme malfunctio[n]" for which federal habeas relief is the remedy. *Id.*, at ——, 131 S.Ct., at 786 (internal quotation marks omitted).

*Burt v. Titlow*, 134 S.Ct. 10, 15-16 (2013).

A state court decision is contrary to federal law if it applied a rule contradicting the governing law as stated in United States Supreme Court opinions, or if it confronts a set of facts that is materially indistinguishable from a decision of the Supreme Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A state court decision involves an unreasonable application of clearly established

federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *See McNeal v. Adams*, 623 F.3d 1283, 1287–88 (9th Cir. 2010). The state court's determination of a habeas claim may be set aside under the unreasonable application prong if, under clearly established federal law, the state court was "unreasonable in refusing to extend [a] governing legal principle to a context in which the principle should have controlled." *Ramdass v. Angelone*, 530 U.S. 156, 166 (2000). However, the state court's decision is an unreasonable application of clearly established federal law only if it can be considered objectively unreasonable. *See, e.g.*, *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010). An unreasonable application of law is different from an incorrect one. *See Renico*, 130 S. Ct. at 1862; *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). "That test is an objective one and does not permit a court to grant relief simply because the state court might have incorrectly applied federal law to the facts of a certain case." *Adamson v. Cathel*, 633 F.3d 248, 255–56 (3d Cir. 2011). *See also Howard v. Clark*, 608 F.3d 563, 567–68 (9th Cir. 2010).

Factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Brumfield v. Cain*, 135 S.Ct. 2269, 2277 (2015). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." *Sumner v. Mata*, 455 U.S. 591, 593 (1982). *See also Phillips v. Ornoski*, 673 F.3d 1168, 1202 n.13 (9th Cir. 2012).

Additionally, the United States Supreme Court has held that, with regard to claims adjudicated on the merits in the state courts, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). *See also Murray*, 745 F.3d at 998. Pursuant to section 2254(d)(2), the "unreasonable determination" clause, "a state-court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt*, 134 S.Ct. at 15 (internal

quotation marks and citation omitted) (quoted by *Clark v. Arnold*, 769 F.3d 711, 724-25 (9th Cir. 2014)).

If the Court determines that the state court's decision was an objectively unreasonable application of clearly established United States Supreme Court precedent, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the AEDPA otherwise requires. *See Lafler*, 132 S. Ct. 1389-90; *Panetti v. Quarterman*, 551 U.S. 930, 953–54 (2007). Additionally, the petitioner must show the error was not harmless: "For reasons of finality, comity, and federalism, habeas petitioners are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2197 (2015) (internal quotations omitted).

## IV. DISCUSSION

### a. Ground One

Petitioner asserts that trial counsel was ineffective for three reasons: 1) trial counsel "failed to raise issues during plea negotiation stage of case proceeding"; 2) trial counsel "failed to object to guilty plea based on inaccurate information"; and, 3) trial counsel "was ineffective where state probation officer . . . submitted inaccurate information in P.S.R." that was used in Petitioner's sentencing. (Doc. 1 at 6.)

### i. Failure to Raise Issue During Plea Negotiation Stage

Petitioner asserts that trial counsel "was ineffective where he failed to raise issues during plea negotiation stage of case proceedings." (Doc. 1 at 6.) In his supporting brief, Petitioner "contends trial counsel's failure to inform Hussak correctly at plea negotiations and upon the correct charge for his actions under statutory law and also to object to inaccurate information in (P.S.R.) constitutes (I.A.C.) claim . . . ." (Doc. 4 at 21.) Petitioner offers no specifics regarding his claim, but argued he "is entitled to secure appropriate relief on the grounds raised in his" PCR proceedings. (Doc. 4 at 20.) In his PCR proceedings, Petitioner alleged he was not "informed of the elements of the offense" and the "trial court failed to establish on 'record' that the conduct Movant stipulated to, in

- 7 -

fact, constituted the 'factual basis.'" (Doc. 5-1 at 4.) Petitioner cites to *State v. Donald*, 10 P.3d 1193, 1198 (Ariz. Ct. App. 2000) (noting that "Arizona courts recognize that a defendant may seek relief from a conviction on the basis that counsel's ineffective assistance induced a guilty plea.").

The Arizona Court of Appeals determined that:

> [Petitioner] seems to be arguing that there was an inadequate factual basis for the plea. The record belies that contention. Counsel provided the factual basis for the plea and, when the court asked Hussak whether counsel had accurately summarized the facts and what had occurred, he responded, "Yes, sir." Thus, he agreed he had fired a gun in a threatening manner and placed the victims in imminent fear of serious physical harm, thereby establishing Hussak had committed the offense of aggravated assault.
>
> …
>
> The record also shows the trial court addressed Hussak personally, reviewing with him the plea agreement and the constitutional rights he was waiving by entering the plea and assuring Hussak understood the terms of the plea agreement after having reviewed them with counsel. The court was entitled to rely on the representations Hussak made.
>
> …
>
> Additionally, nothing in the record before us supports Hussak's contention that the trial court abused its discretion by rejecting summarily his claim that trial counsel had been ineffective in connection with the entry of the plea, thereby invalidating it.

*State v. Hussak*, No. 2 CA-CR 2013-0216-PR, 2014 WL 118533, at *1 (Ariz. Ct. App. Jan. 14, 2014).

Petitioner has failed to establish that the state appellate court decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. "The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *Gautt v. Lewis*, 489 F.3d 993, 1002 (9th Cir. 2007). "To determine whether a defendant

has received fair notice of the charges against him, we look first to the indictment. The principal purpose of an indictment is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense and plead double jeopardy in a later prosecution." *Nevius v. Sumner*, 852 F.2d 463, 471 (9th Cir. 1988) (citation omitted). The indictment in this case accurately contained the elements of Aggravated Assault under Arizona law.[3] (Doc. 20-1, Ex. A, at 2.) Petitioner was sufficiently advised of the elements of the offense prior to his change of plea proceeding.

Petitioner's claim that the "trial court failed to establish on 'record' that the conduct Movant stipulated to, in fact, constituted the 'factual basis'" is meritless. (Doc. 5-1 at 4.) At the conclusion of the change of plea proceeding, the trial court stated "[t]hen I do find there is a factual basis for the plea and I find that it was entered knowingly, intelligently, and voluntarily and I will accept it for the record." (Doc. 20-1, Ex. D, at 20.)

Petitioner's general claim that "trial counsel was ineffective where he failed to raise issues during plea negotiation state of case proceedings" (Doc. 1 at 6) is waived and meritless.  The Arizona Court of Appeals found Petitioner waived "all claims of ineffective assistance of counsel, except those that relate to the validity of the plea." *Hussak*, 2014 WL 118533, at *2. The state court determination is correct. An unconditional guilty plea "cures all antecedent constitutional defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir. 1997). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "He may only attack the voluntary and intelligent character of the guilty plea." *Id*.

---

[3] Count One of the Indictment reads: "On or about 08/20/2010, in or near Pinal County, Arizona, MARTINE HUSSAK committed Aggravated Assault by assaulting DAVID A. GALIENDO, while using a deadly weapon or dangerous instrument, to wit: a handgun, in violation of A.R.S. §§13-1204(A)(2), 13-1203, 13- 704, 13-610, 13-701, 13-702, 13-712, and 13-801, a class 3 dangerous felony." (Doc. 20-1, Ex. A, at 2.)

In his Brief in Support of Petition, Petitioner argues that counsel was ineffective because "the appropriate charge in this case is a class two misdemeanor" under A.R.S. § 13–2904(B) (Disorderly Conduct). (Doc. 8 at 33.) Petitioner cites to *Sanchez v. Arpaio*, No. CV-09-1150-PHX-LOA, 2010 WL 3938353, at *7 (D. Ariz. Oct. 5, 2010) (noting the "elements of Disorderly Conduct are knowingly or intentionally disturbing the peace by any of several categories of conduct. A.R.S. § 13–2904"). (*Id*.) Petitioner argues that if he proceeded to trial, "he would have won" because "beyond a reasonable doubt would be a class 2 misdemeanor conviction." (*Id*.) Petitioner admitted he fired a gun near the victims in a threatening manner and placed them in imminent fear of serious physical harm, which satisfied the elements of Aggravated Assault. (Doc. 20-1, Ex. D, at 8.) The decision to charge Aggravated Assault was properly decided by the State of Arizona. "Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion." *United States v. Batchelder*, 442 U.S. 114, 124 (1979). Petitioner's claim fails.

### ii. Failure to Object to Inaccurate Basis for Plea

Petitioner alleges trial counsel "was ineffective, where he failed to object to guilty plea concerning whether Hussak entered into plea agreement based on accurate information under statutory law . . . for sentencing purposes." (Doc. 1 at 6.) The Arizona Court of Appeals found that "[c]ounsel provided the factual basis for the plea and, when the court asked [Petitioner] whether counsel had accurately summarized the facts and what had occurred, he responded, 'Yes, sir.'" *Hussak*, 2014 WL 118533, at *1. The court determined Petitioner "agreed he had fired a gun in a threatening manner and placed the victims in imminent fear of serious physical harm, thereby establishing [Petitioner] had committed the offense of aggravated assault. *See* A.R.S. §§ 13–1203." (*Id*.)

Moreover, Petitioner fails to demonstrate that his factual basis was insufficient to constitute aggravated assault. A.R.S. § 13–1203 defines assault as "[i]ntentionally placing another person in reasonable apprehension of imminent physical injury." Petitioner agreed he "knowingly and voluntarily" fired a gun in a manner that threatened the victim with imminent "fear of serious physical harm." (Doc. 20-1, Ex. D, at 8.) Petitioner did

not object when his attorney told the court that Petitioner's voluntary act satisfied the factual basis for intentional conduct. (*Id.* at 20.) Petitioner's insufficient evidence claim is reviewed by looking at the elements of the offense under state law and, in determining whether sufficient evidence supports a conviction, federal courts are bound by a state court's interpretation of state law. *See Emery v. Clark*, 643 F.3d 1210, 1213–14 (9th Cir. 2011). The Court has reviewed Petitioner's pleadings and the record before the Court, and determines Petitioner's claim fails.

Petitioner's counsel was also not ineffective for failing to object to Petitioner's guilty plea when the record demonstrates Petitioner willingly pleaded guilty. Petitioner told the trial court he wished to plead guilty. (Doc. 20-1, Ex. D, at 14.) When asked if he was entering the agreement "of your own free will," Petitioner told the court "Yes, sir." (*Id.*) At sentencing, Petitioner told the court he wanted to accept responsibility for what he did and told the court he did not intend to harm anyone. (Doc. 20-1, Ex. F, at 45.) The record reflects that Petitioner was hoping to receive a sentence of probation, and only now complains because he instead received a sentence of imprisonment. The Arizona Court of Appeals found that "nothing in the record before us supports Hussak's contention that the trial court abused its discretion by rejecting summarily his claim that trial counsel had been ineffective in connection with the entry of the plea, thereby invalidating it." *Hussak*, 2014 WL 118533, at *2. The court's determination that Petitioner presented "no such evidence" that counsel was ineffective was not contrary to clearly established federal law.

### iii. Probation Officer Submitted Inaccurate Information in PSR

The Petitioner argues that the trial counsel was ineffective because of a failure to object to inaccuracies in PSR, which "breached the plea… creating an involuntary plea"[4] and "was used for sentencing purposes." (Doc. 1 at 6.) In his Brief in Support of Petition,

---

[4] Petitioner's claim that the presentence report breached the plea agreement is meritless and unsupported. Petitioner's plea agreement permitted the court to sentence Petitioner to imprisonment. (Doc. 20-1, Ex. C, at 8.) *See also Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[Petitioner's] cursory and vague claim cannot support habeas relief").

Petitioner asserts "incompetent evidence was used for enhancement purpose at sentencing." (Doc. 4 at 25.) Petitioner refers to a *pro se* "Notice of Facts" (Doc. 5-1 at 23-34) filed in the state court, which contains a description of alleged inaccuracies. (Doc. 4 at 26.)

Petitioner's claim fails because he does not establish that the aggravating factors listed in the presentence report were false.

The presentence report contains the following aggravating factors:

- Use of a deadly weapon or dangerous instrument during the commission of the crime.

- The emotional harm caused to the victims.

- The defendant has a prior record as a juvenile and as an adult.

- The defendant's prior criminal history reflects involvement in numerous misdemeanor offenses.

- The defendant has pled guilty to a federal offense, and will be sentenced on February 15, 2012.

- The defendant shows no remorse.

- More than one victim was involved.

- The defendant's failure to benefit from past lenient treatment by the Court.

(Doc. 5-1 at 82.) Petitioner's factual objections to the presentence report do not dispute the aggravating factors listed in the PSR. Instead, Petitioner disputes family history, the neutrality of the PSR writer, the subjective nature of the opinions presented in the report, and the reasons for Petitioner's misdemeanor convictions. (Doc. 5-1 at 23-33.) A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980). To prevail on his claim, Petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *United States v. Tucker*, 404 U.S. 443, 447 (1972). Petitioner fails to meet both of these requirements. *See also United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1981) ("[Petitioner's] conclusory allegations of inaccuracies in the report

are unsupported and do not suggest the report as a whole is misleading.").

To succeed on a claim of ineffective assistance of counsel, Petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) the deficiency in counsel's performance prejudiced him. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 692 (1984). To establish prejudice, the defendant "must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is doubly deferential . . . because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . [and] federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, - S.Ct. -, 2016 WL 1278478, at *2 (U.S. Apr. 4, 2016) (quotations and citations omitted).

Regarding Petitioner's claim that counsel provided ineffective assistance at sentencing, the Arizona Court of Appeals rejected this claim. The court found Petitioner failed to:

> raise a colorable claim that trial counsel had been ineffective with respect to sentencing. Rather, the record shows counsel urged the court to place Hussak on probation and, alternatively, a mitigated prison term. Counsel presented ample evidence in mitigation including the fact that Hussak had been involved in an automobile accident that purportedly resulted in neurological impairment, and that his childhood was difficult.

*Hussak*, 2014 WL 118533, at *2.

Petitioner fails to establish that counsel provided ineffective assistance at sentencing. The Arizona Court of Appeals reviewed the record and accurately described counsel's conduct regarding sentencing. Petitioner fails to establish that counsel's conduct was unreasonable or deficient. Whether the state court properly weighed aggravating and mitigating factors under state law is not reviewable here. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Arizona Court of Appeal's determination was not contrary to or an unreasonable application of any holding of the United States Supreme

Court.

### b. Ground Two

Petitioner alleges that "appellate counsel" was ineffective for failing to raise the three grounds Petitioner argues in Ground One. Because the Court determines Petitioner's claims fail in Ground One, Petitioner's counsel did not provide ineffective assistance on post-conviction review for failing to raise them. *See Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

### c. Ground Three

Petitioner presents five arguments in Ground Three. First, Petitioner renews a claim presented in Ground One, and argues that "the trial court abused its discretion by denying [Petitioner's] plea agreement based on accurate information to the stipulated plea to Aggravated Assault without considering the real facts of the case." (Doc. 1 at 8.) Petitioner's claim is denied for the reasons stated above.

Petitioner next asserts that the trial court abused its discretion when it denied or dismissed Petitioner's first PCR proceeding. Petitioner claims the trial court "abused its discretion denying [Petitioner's] first Rule 32 (P.C.R.) proceedings, as of right appeal (court claims it review case with authority but never cited any authority in its ruling . . . )." (Doc. 1 at 8.) Petitioner cited the trial court's ruling of April 29, 2013, which denied Petitioner's first PCR proceeding. (*Id*.) In a Brief in Support of Petition, Petitioner "contends that the trial court abused its discretion for failure to adjudicate all his claims on the merits of the facts and the law, state and federal, and based on citing 'no' authority in its ruling . . . ." (Doc. 4 at 35.) The Arizona Court of Appeals rejected this argument and found "not only did the court state it had considered all relevant filings and authorities, we presume it did so in ruling on the petition before it." *State v. Hussak*, No. 2 CA-CR 2013-0216-PR, 2014 WL 118533, at *1 (Ariz. Ct. App. Jan. 14, 2014). This Court has considered the merits of Petitioner's claims and also rejected them. Petitioner fails to specifically identify additional arguments and prejudice. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("conclusory allegations which are not supported by a

- 14 -

statement of specific facts do not warrant habeas relief.").

Petitioner also claims the trial court abused its discretion in dismissing Petitioner's second and third PCR petitions as untimely. The Arizona Court of Appeals found the dismissals proper because "[n]othing in Rule 32 permits a trial court to review a decision in a previous postconviction proceeding." *State v. Hussak*, No. 2 CA-CR 2014-0198-PR, 2014 WL 4403148, at *1 (Ariz. Ct. App. Sept. 8, 2014). Petitioner's claim is procedurally barred. "Where a state court has declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedural requirement, there is a general bar against a federal habeas action." *Ortiz v. Stewart*, 149 F.3d 923, 930-31 (9th Cir. 1998). Moreover, the Court has reviewed the substance of the claims brought in the Petition and finds them meritless.

Petitioner's final argument renews a claim presented in Ground One, and argues that "the trial court abused its discretion when letting the state prosecutor commit prosecutorial misconduct at plea agreement stage of proceedings, entering inaccurate information for sentencing purposes of higher charge and sentence." (Doc. 1 at 8.) Petitioner's claim is denied for the reasons stated above. The Court has reviewed Petitioner's claim and found the prosecution was within its discretion to bring these charges, and the Arizona Court of Appeal's rulings were not contrary to or an unreasonable application of any holding of the United States Supreme Court.

**CONCLUSION**

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court finds that Petitioner's claims are timely, but meritless. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and

leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 19th day of April, 2016.

Honorable John Z. Boyle
United States Magistrate Judge